UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| AARON KROCKER, | |
| Petitioner, | |
| v. | Case No. 12-CV-575-JPS |
| JEFFREY PUGH, | |
| Respondent. | ORDER |

Petitioner Aaron Krocker, a prisoner in custody of the State of Wisconsin, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Docket #1). Presently before the court is a motion to dismiss filed by Respondent Jeffrey Pugh; the motion argues that Krocker's petition must be dismissed as untimely. (Docket #7). As explained below, the court concludes that it cannot grant Mr. Pugh's motion based on the record currently before the court, and therefore the motion is denied.

On October 7, 2005, Mr. Krocker pled guilty to a six-count information[1] in Waukesha County Circuit Court. Petition at 1, 10. The plea resulted in a Judgment of Conviction dated December 16, 2005. Petition at 2. Mr. Krocker filed a notice of intent to pursue post-conviction relief on December 28, 2005. Wisconsin Circuit Court Access Court Record Events, Waukesha County Case Number 2005CF000346 ("State Court Record")

---

[1]The Information charged one count of Attempted First Degree Intentional Homicide with Use of a Dangerous Weapon; one count of Burglary and Being Armed with a Dangerous Weapon while in the Burglarized Enclosure; two counts of Physical Abuse of a Child with the Use of a Dangerous Weapon; and two counts of Substantial Battery with Use of a Dangerous Weapon. Petition at 2.

(Docket #8-2[2]), Entry 40. Mr. Krocker, however, pursued no post-conviction relief for over two years, until May 2, 2008, when he filed a motion to reinstate appellate deadlines. State Court Record, Entry 64. Mr. Krocker also filed a writ of habeas corpus in state court. State Court Record, Entry 65. These attempts at post-conviction relief were denied. State Court Record, Entries 72, 75, 80, 81, 100, 102; *State ex. rel. Aaron Krocker v. Circuit Court*, No. 2008AP1106-W (Wis. Ct. App. Oct. 22, 2008) (Docket #8-4); *State v. Krocker*, No. 2009AP2471, 2010 WL 5072521 (Wis. App. Dec. 14, 2010) (affirming circuit court's denial of post-conviction relief motion); *State v. Krocker*, No. 2009AP2471 (Wis. Apr. 12, 2011) (denying petition for review before the Wisconsin Supreme Court). Following the Wisconsin State Supreme Court's denial of his petition, Mr. Krocker filed his federal habeas petition with this court.

In his motion to dismiss, Mr. Pugh argues that Mr. Krocker filed his federal habeas corpus petition "nearly five years after the statute of limitations expired." Motion Brief (Docket #8) at 4. Mr. Pugh notes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period, set to begin running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Motion Brief at 4 (*quoting* 28 U.S.C. § 2244(d)(1)(A)). According to Mr. Pugh, the one-year statute of limitations under AEDPA began running on July 17, 2006, and,

---

[2]Ordinarily, when a court considers matters outside the pleadings on a motion to dismiss under Rule 12(b)(6), that motion must be treated as a motion for summary judgment. Fed. R. Civ. Pro. 12(d). A narrow exception to this rule permits a trial court to take judicial notice of "matters of public record." *General Elec. Capital Corp. V. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). Accordingly, the court will consider qualifying exhibits filed as part of briefing on this motion.

therefore, Mr. Krocker's petition was due July 17, 2007. Mr. Pugh calculates this due date as follows: first, he notes that under Wis. Stat. § 809.30(2)(h), Mr. Krocker had sixty days from "the later of the service of the transcript or circuit case record" to file his notice of appeal or post-conviction motion. As the State Court Record indicates, the last of the circuit court transcripts was filed with the court on May 17, 2006. State Court Record, Entry 57. Mr. Pugh argues, "[a]lthough it is unclear exactly when the transcripts and the circuit court record were served, service presumably would have been around the same time of filing in the circuit court." Motion Brief at 6. Thus, according to Mr. Pugh, Krocker's judgment became final sixty days after the filing of the transcript, which is July 17, 2006. Motion Brief at 6. Applying the one-year AEDPA statute of limitations, Mr. Krocker's deadline to file a federal habeas petition was July 17, 2007. Motion Brief at 6.

The court will not apply this statute of limitations at this stage of the proceedings because the court will not rely on the assumption that the transcript *filed* on May 17, 2006 was also *served* "around the same time of filing in the circuit court." First, the acts of "filing" and "serving" a document are not the same. Indeed, the cited section of the Wisconsin Rules of Appellate Procedure differentiates between "filing" and "serving" in several contexts. *See* Wis. Stat. Ann. § 809.30(2)(d) ("…the prosecutor may, within 5 days after the notice is served and filed, file in the circuit court and serve upon the state public defender a request…"); Wis. Stat. Ann. § 809.30(2)(g)(2) ("The court reporter shall file the transcript with the circuit court and serve a copy of the transcript…"); Wis. Stat. Ann. § 809.30(2)(h) ("The person shall file in circuit court and serve on the prosecutor…"). Mr. Pugh offers no authority for equating the filing date with the serving date. Thus, the court

Page 3 of 4

Case 2:12-cv-00575-JPS   Filed 01/08/13   Page 3 of 4   Document 11

concludes that when a filing deadline is based upon the "*service* of the transcript," proof of the date of the *filing* of that transcript is insufficient.

Second, absent proof of service, the court cannot ignore the possibility that the transcript was never actually properly served. In that instance, the filing deadline under Wis. Stat. § 809.30(2)(h) would not have been triggered.

Declining Mr. Pugh's invitation to assume service is particularly prudent where, as here, utilizing the filing date as the date of service would likely mandate dismissal; such action will not be undertaken on the basis of an assumption.

Accordingly,

IT IS ORDERED that Mr. Pugh's motion to dismiss (Docket #7) be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Mr. Pugh shall file an answer, motion, or other response to the claim in Mr. Krocker's petition within forty-five (45) days of this order.

2. Mr. Krocker shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of Mr. Pugh's answer.

3. Mr. Pugh shall file an opposition brief with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Mr. Krocker's brief, or within one hundred and twenty (120) days from the date of this order if no supporting brief is filed.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge