UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AARON KROCKER, | |
| Petitioner, | Case No. 12-CV-575-JPS |
| v. | |
| JEFFREY PUGH, | |
| Respondent. | ORDER |

Petitioner Aaron Krocker ("Krocker"), a prisoner in custody of the State of Wisconsin, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Docket #1). Presently before the court is a motion to dismiss, filed by the State, in which the State argues that Krocker's Petition is untimely. (Docket #19). The motion is fully briefed and ready for resolution. For the reasons that follow, the State's motion will be granted, and Krocker's Petition dismissed.

1. Background

On October 7, 2005, Krocker pled guilty to a six-count information[1] in Waukesha County Circuit Court. The plea resulted in a Judgment of Conviction dated December 16, 2005. Krocker filed a notice of intent to pursue post-conviction relief on December 28, 2005. No direct appeal followed.

Over two years later, on May 2, 2008, Krocker filed a motion to reinstate appellate deadlines based on ineffective assistance of post-conviction counsel. The Wisconsin Court of Appeals remanded the matter to

---

[1]The Information charged one count of Attempted First Degree Intentional Homicide with Use of a Dangerous Weapon, one count of Burglary and Being Armed with a Dangerous Weapon while in the Burglarized Enclosure, two counts of Physical Abuse of a Child with the Use of a Dangerous Weapon, and two counts of Substantial Battery with Use of a Dangerous Weapon. Petition at 2.

the trial court for a determination of whether Krocker waived his right to appeal; on remand, the trial court found that Krocker knowingly, voluntarily, and intelligently chose not to proceed with an appeal. On October 22, 2008, the Wisconsin Court of Appeals denied Krocker's motion to reinstate appellate deadlines, holding that Krocker chose to waive his right to appeal, and also holding that Krocker was not denied effective assistance of appellate counsel in making that choice. *State ex. rel. Aaron Krocker v. Circuit Court*, No. 2008AP1106-W (Wis. Ct. App. Oct. 22, 2008).

On May 4, 2009, Krocker filed a collateral attack on his judgment. The trial court denied Krocker's motion without an evidentiary hearing. On December 14, 2010, the Wisconsin Court of Appeals affirmed the circuit court's decision. *State v. Krocker*, No. 2009AP2471, 2010 WL 5072521 (Wis. App. Dec. 14, 2010). The Wisconsin Supreme Court denied Krocker's petition for review on April 12, 2011, *State v. Krocker*, No. 2009AP2471 (Wis. Apr. 12, 2011), and the Wisconsin Court of Appeals issued remittitur on April 13, 2011. On June 7, 2012, Krocker filed his Petition in this court.

The State has consistently maintained that Krocker's Petition is untimely; shortly after appearing in this matter, the State filed a motion to dismiss on the grounds that the Petition is untimely. (Docket #7). Krocker responded, and the court ultimately denied the State's motion, finding that the record before the court did not contain all of the information necessary to decide the motion. (Dockets #9, #11). The State filed an Answer to Krocker's Petition, attaching a complete record of the state court proceedings. (Docket #15). Thereafter, the State asked for an opportunity to again address the timeliness issue. (Docket #16). The court agreed that the interests of justice would be better served by considering the timeliness issue before ordering extensive briefing on the merits of Krocker's petition. (Docket #18).

Presently before the court is the State's motion to dismiss and Krocker's response thereto (Dockets #19, #23); the only issue currently under consideration is whether Krocker's Petition is time-barred.

2.  Legal Standards

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for writ of habeas corpus must be filed within a one-year statute of limitations period, set to begin running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is modified by a tolling provision, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

These deadlines are also subject to equitable tolling in some cases. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). Equitable tolling is allowed only if petitioner shows: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* at 2565. Further, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Id.* at 2564.

3.  Analysis

    3.1  Krocker's AEDPA Deadline

The court's first task is to identify the date of the event that triggered the commencement of the one-year AEDPA deadline. In its motion to dismiss, the State argues that AEDPA's period of limitation began running

on October 22, 2008, when the Wisconsin Court of Appeals denied Krocker's petition to reinstate his appellate deadlines. Motion at 2. The court concludes that the State is correct; Krocker's AEDPA deadline began running, at the latest,[2] on October 22, 2008. On that date, the Wisconsin Court of Appeals declined to reinstate Krocker's right to file a direct appeal in his case. *State ex. rel. Aaron Krocker v. Circuit Court*, No. 2008AP1106-W (Wis. Ct. App. Oct. 22, 2008) (Docket #15-4). Krocker had argued entitlement to a belated direct appeal due to ineffective assistance of counsel; the Court of Appeals concluded that Krocker merely had a "change of heart" on issues for appeal that he had "knowingly abandoned." *Id.* at *6. Thus, on this date, any prospects Krocker had for further direct review were eliminated, and direct review was concluded.

Having found that Krocker's one-year AEDPA statute of limitations began to run on October 22, 2008, the court now determines when the one-year statute of limitations expired. The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations was tolled beginning on May 4, 2009, when Krocker filed a collateral attack on his conviction, pursuant to Wis. Stat. § 974.06. This was 193 days[3] after the October 22, 2008 order. The statute of limitations remained

---

[2] In a previous motion to dismiss, the State argued that the AEDPA statute of limitations began running on July 17, 2006. (Dockets #7, #8). On January 8, 2013, the court denied the State's motion, finding that the State did not meet its burden to prove entitlement to dismissal on the record before the court at that time. (Docket #11).

[3] In its motion, the state incorrectly calculates that 199 days ran between the October 22, 2008 Order and the May 4, 2009 collateral attack. Motion at 9.

tolled until April 13, 2011, the date when the Wisconsin Court of Appeals issued remittitur, and Krocker had 172 days (365 minus 193 days), or until October 3, 2011,[4] to file his federal habeas corpus petition. Krocker did not file his petition until June 7, 2012. (Docket #1). The petition is, therefore, untimely.

### 3.2 Equitable Tolling

Krocker argues that the court should still consider his petition on its merits because he is entitled to equitable tolling of his filing deadline. Equitable tolling is allowed only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* at 2565. Further, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Id.* at 2564.

As a threshold matter, the court concludes that much of Krocker's argument regarding entitlement to equitable tolling is irrelevant because it concerns periods of time prior to the October 22, 2008 trigger date of his statute of limitations. In considering whether or not Krocker is entitled to any equitable tolling, the only relevant period of time is that during which the statute of limitations was running. As explained above, the AEDPA statute of limitations was triggered on October 22, 2008, and thus, the court will address only the arguments Krocker advances regarding events and circumstances after October 22, 2008.

---

[4] The date on which Krocker's statute of limitations ran was October 2, 2011. That day was a Sunday, so the filing deadline moves to the next business day, by operation of Fed. R. Civ. Pro. 6(a)(1)(c).

First, Krocker argues entitlement to equitable tolling because the Court of Appeals did not make an explicit finding in its October 22, 2008 order that his direct appeal was concluded that day. Response at 8. In support, Krocker cites a case from the Sixth Circuit, *Keenan v. Bagley. Keenan* is inapposite, for two reasons. First, as the Sixth Circuit noted, albeit in an unpublished opinion, the analysis of that case was rendered a dead-letter by the United States Supreme Court's holding in *Holland v. Florida*, which articulated the equitable tolling standard outlined above. *Johnson v. U.S.*, 457 Fed. Appx. 462, 470 (6th Cir. 2012). Second, the facts of *Keenan* were completely different; in that case, during the petitioner's direct appeal, the Ohio Supreme Court issued an order including "literal language" indicating that the petitioner retained an avenue for state court post-conviction relief. 400 F.3d 417, 421 (6th Cir. 2005). The Sixth Circuit reasoned that, if the petitioner could show that he "indeed relied on the literal language…in structuring his legal strategy, then his argument for equitable tolling might be very strong." *Id.* In contrast, in this case Krocker does not argue, and the court was unable to find, any language in the Wisconsin Court of Appeal's October 22, 2008 order that could be interpreted as indicating that Krocker had any direct review available to him. Indeed, the order concludes with "[t]his court does not reinstate the right to appeal for defendants who have simply changed their minds after experiencing confinement." In short, the October 22, 2008 order is crystal clear: Krocker had no further direct appeal avenues for relief. Any argument that Krocker took no action following this order due to the belief that he his state direct appeal remained viable and pending is, therefore, unsupported by the record.

Krocker also argues entitlement to equitable tolling because he had to pursue collateral relief in order to exhaust his state remedies, otherwise he would risk dismissal of his petition under Rule 4 of the Rules Governing 2254 Cases. Response at 5. In a similar vein, Krocker argues that the Wisconsin appellate procedure is "uncommon" and Krocker had to raise issues in his collateral appeal that he was required to raise on direct appeal. Response at 9. Krocker's arguments may well be accurate as points of law, however, these arguments do not speak to the propriety of equitable tolling because they do not address Krocker's diligence in the *timing* of his collateral petition. As discussed above, Krocker filed his petition for collateral relief on May 4, 2009, and his AEDPA statute of limitations was tolled until April 13, 2011, the date when the Wisconsin Court of Appeals issued remittitur. Krocker puts forth no arguments regarding his diligence for the time periods between October 22, 2008, and May 4, 2009; likewise, he makes no attempt to prove diligence in the time period following remittitur and the running of his AEDPA statute of limitations. On this record, the court cannot conclude that Krocker has proven "reasonable diligence" in pursuing his post-conviction rights. *Holland*, at 2565.

The burden of proving entitlement to equitable tolling falls on the petitioner. *Id.* at 2562. Krocker's submissions to the court do not satisfy this burden. He has not shown that, following the trigger date of October 22, 2008, he pursued his rights diligently and that an extraordinary circumstance prevented timely filing. *Id.* at 2562. The court thus concludes that this is not the "extraordinary" case justifying equitable tolling. *Id.* at 2564. The court will, therefore, dismiss the case as untimely filed.

Accordingly,

IT IS ORDERED that the State's motion to dismiss (Docket #19) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that Krocker's petition for writ of habeas corpus be and the same is hereby DISMISSED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge